# EXHIBIT 1

To: 12137884070                                From: (14422473714)                01/08/18 12:31 PM    Page 2 of 6
From: Sarah Longalong    Fax: (213) 788-4050          To:          Fax: (442) 247-3751    Page 2 of 25 01/05/2018 1:50 PM

1  **CLARKSON LAW FIRM, P.C.**
2  Ryan J. Clarkson (SBN 257074)
   rclarkson@clarksonlawfirm.com
3  Shireen M. Clarkson (SBN 237882)
   sclarkson@clarksonlawfirm.com
4  Bahar Sodaify (SBN 289730)
   bsodaify@clarksonlawfirm.com
5  9255 Sunset Blvd., Ste. 804
   Los Angeles, CA 90069
6  Tel: (213) 788-4050
   Fax: (213) 788-4070

7  *Attorneys for Plaintiff Jessica Cesta*

**FILED**
Superior Court of California
County of Los Angeles

JAN 05 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Ricardo Perez

8
9       SUPERIOR COURT FOR THE STATE OF CALIFORNIA
10               COUNTY OF LOS ANGELES

11  JESSICA CESTA, individually and on behalf
    of all others similarly situated,          Case No.   **BC689087**

12                                             **CLASS ACTION COMPLAINT**
                   Plaintiff,
13                                             1.  VIOLATION OF CALIFORNIA
      vs.                                          CONSUMERS LEGAL REMEDIES ACT,
14                                                 CIVIL CODE § 1750, *et. seq.*
    TRADER JOE'S COMPANY, and DOES 1
15  through 10, inclusive,                     2.  VIOLATION OF CALIFORNIA FALSE
                                                   ADVERTISING LAW, BUSINESS &
16                 Defendants.                     PROFESSIONS CODE § 17500, *et. seq.*

17                                             3.  VIOLATION OF CALIFORNIA UNFAIR
                                                   COMPETITION LAW, BUSINESS &
18                                                 PROFESSIONS CODE § 17200, *et. seq.*

19
                                               **DEMAND FOR JURY TRIAL**
20

21

22

23

24          Plaintiff Jessica Cesta, individually and on behalf of all others similarly situated, brings this

25  class action complaint against Trader Joe's Company ("Defendant") and Does 1 through 10,

26  inclusive (collectively referred to herein as "Defendants") and alleges as follows:

27

28

CLASS ACTION COMPLAINT
14:04:29 2018-01-05

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## SUMMARY OF THE ACTION

1.      This is a class action lawsuit brought on behalf of all purchasers of Trader Joe's Vitamin E Oil (the "Product"), sold at retail outlets throughout California and the United States. A true and correct representation of the Product's front label is set forth below.



2.      Despite the label, Trader Joe's "Vitamin E Oil" is made mostly of soybean oil – a cheaper, filler oil.  Defendants intentionally mislead and shortchange consumers by falsely and deceptively misrepresenting the Product as a vitamin E oil, when in reality, the Product is a blend of oils, including soybean oil, vitamin E oil, and coconut oil. The primary base of the Product - soybean oil - is inferior to vitamin E oil because it is cheaper, lower quality, and does not have the same benefits. Even worse, soybean oil is highly allergenic and can be potentially harmful.

1

CLASS ACTION COMPLAINT

Exhibit 1
Page 9

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

**PARTIES**

3.     Plaintiff is, and at all times relevant hereto was, a citizen of California residing in the county of Los Angeles. Plaintiff purchased the Product at a Trader Joe's retail store in Los Angeles, California in 2015. In making her purchase, Plaintiff relied upon Defendants' labeling, marketing, and advertising claims, including "Vitamin E Oil" name listed largely and front and center on the packaging. This claim was prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers to purchase the Product. If Plaintiff had known that the Product was in fact primarily comprised of soybean oil and coconut oil rather than purely Vitamin E oil, she would not have purchased the Product.

4.     Trader Joe's Company ("Trader Joe's") is a corporation headquartered in Monrovia, California.  Trader Joe's maintains its principal business office at 800 South Shamrock Avenue, Monrovia, California, 91016.  Trader directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California.  Trader Joe's is the one of the owners, manufacturers, and distributors of the Product, and is one of the companies that created and/or authorized the false, misleading, and deceptive packaging for the Product.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these individuals and/or entities by fictitious names.  Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles County.  Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts.

7.    Plaintiff has standing to bring this action pursuant to the California Consumers Legal Remedies Act, Civil Code section 1750, *et seq.*; California False Advertising Law, Business and Professions Code section 17500, *et seq.*; and California Unfair Competition Law, Business and Professions Code section 17200, *et seq.*

8.    The Product Trader Joe's® Vitamin E Oil is manufactured by Defendants and is advertised as being pure vitamin E oil.

9.    Out-of-state participants can be brought before this Court pursuant to the provisions of California Code of Civil Procedure section 395.5.

10.    Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between them and California.

11.    Venue is proper in this Court because Defendants conduct business in Los Angeles County, Defendants receive substantial compensation from sales in Los Angeles County, and Defendants made numerous misrepresentations which had a substantial effect in Los Angeles County, including, distribution and sale of the Product throughout Los Angeles County retail outlets, we well as distribution of print media and internet advertisements.

**FACTUAL ALLEGATIONS**

12.    Defendants prominently display "Vitamin E Oil" front and center on each bottle of the Product.  The "Vitamin E Oil" label is written in the largest font on the packaging, thereby easily catching a reasonable consumer's attention.  The mention of other oils in the Product is starkly omitted from the front label of the packaging.

13.    The net impression of Defendant's labeling and advertising is that the Product is made exclusively of Vitamin E oil and can provide all the benefits of a pure Vitamin E oil. In actuality and unbeknownst to consumers, the Product is comprised mostly of other oils such as soybean oil, used as a filler oil, and coconut oil.

14.    "Vitamin E" is the collective name for a group of fat-soluble compounds with distinctive antioxidant activities. U.S. DEP'T OF HEALTH AND HUMAN SERVICES, THE NAT'L INSTITUTES OF HEALTH OFFICE OF DIETARY SUPPLEMENTS, *Vitamin E*, https://ods.od.nih.gov/factsheets/VitaminE-HealthProfessional/#en1  (Nov.  3,  2016)  (citing

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Exhibit 1
Page 11

1    Maurice E. Shils et al., MODERN NUTRITION IN HEALTH AND DISEASE 396-411 (10th ed. 2006)).

2    Vitamin E, also known as "D-Alpha-Tocopherol," is the most important lipid soluble antioxidant.

3    *See* Lester Packer et al., Molecular Mechanisms of Protective Effects of Vitamin E in

4    Atherosclerosis, THE    JOURNAL    OF    NUTRITION    (April    16,    2000)

5    http://jn.nutrition.org/content/131/2/369S.full.pdf. The National Institutes of Health Office of

6    Dietary Supplements explains that Vitamin E is an antioxidant that helps protect cells from damage

7    caused by free radicals, a reactive oxygen species formed when the body converts food to energy.

8    *Supra* U.S. DEP'T OF HEALTH AND HUMAN SERVICES. Additionally, damaged cells caused by

9    radicals may contribute to cardiovascular disease and cancer. *Supra* U.S. DEP'T OF HEALTH AND

10   HUMAN SERVICES (citing Hans Verhagen et al., *The State of Antioxidant Affairs*, NUTRITION TODAY,

11   November/December 2006, Vol. 41, Issue 6 at 244-50). People can be exposed to free radicals from

12   environmental exposures such as pollution and ultraviolent radiation. *Supra* U.S. DEP'T OF HEALTH

13   AND HUMAN SERVICES. Moreover, Vitamin E oil blocks the free radicals from the human body

14   which also play a major role in the aging process. As a result, Vitamin E is found in many skincare

15   products such as creams, lotions, sunscreens, anti-aging moisturizers and skin brighteners. Vitamin

16   E oil is a powerful fat soluble antioxidant that can rejuvenate human skin and overall health.

17          15.    On the other hand, the primary filler oil in the Product, soybean oil, is a lower quality

18   oil, top allergen and overall unhealthy. For example, soybean oil is extracted from soybean seeds

19   using harsh chemicals, such as hexane. NATIONAL CENTER FOR BIOTECHNOLOGY INFORMATION,

20   PUBCHEM COMPOUND DATABASE, https://pubchem.ncbi.nlm.nih.gov/compound/8058. Because of

21   the unsafe chemical process by which soybean oil is extracted from soybeans and its lower quality

22   nature, soybean oil is not nearly as healthy as Vitamin E oil.  Additionally, soybeans are well

23   recognized as an allergenic food. FOOD ALLERGY RESEARCH & RESOURCE PROGRAM UNIVERSITY

24   OF   NEBRASKA,   *Allergenicity   of   Soybean   Lecithin*   (April   12,   2017),

25                  https://farrp.unl.edu/documents/members/expert-

26   opinions/2017_0412_Expert%20Soy%20Lecithin.pdf.

27          16.    Plaintiff and other consumers of the Product made their purchasing decisions in

28   reliance upon Defendants' advertised claims that that Product was made from Vitamin E oil, alone.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

17.     Plaintiff purchased Trader Joe's® Vitamin E Oil from a Trader Joe's retail store at 8645 South Sepulveda, Westchester, California 90045 in or around October 2015.  Plaintiff paid approximately $7.00 for the Product.

18.     Plaintiff reasonably and detrimentally relied upon the Product's front label indicating that the Product was simply "Vitamin E Oil" and the material omission that the Product contained other oils – and, mostly soybean oil.

19.     Plaintiff would not have purchased the Product had she known the Product contained other oils.

20.     Defendants' conduct threatens California consumers by using intentionally deceptive and misleading labels. Defendants' conduct also threatens other companies, large and small, who "play by the rules." Defendants' conduct stifles competition and has a negative impact on the marketplace, and reduces consumer choice.

21.     There is no practical reason for the false or misleading labeling and advertising of the Product, other than to mislead consumers as to the actual ingredients of the Product being purchased by consumers while simultaneously providing Defendants with a financial windfall as a result of money saved from lower supply costs.

22.     Plaintiff makes the allegations herein upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## CLASS ALLEGATIONS

23.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in United States for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

24.     In the alternative, Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time

CLASS ACTION COMPLAINT

Exhibit 1
Page 13

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

25.   The Class is so numerous that their individual joinder herein is impracticable. On information and belief, the Class numbers in the hundreds of thousands or more throughout the United States and California. The Class is sufficiently numerous because hundreds of thousands of units of the Product have been sold in California during the time period January 5, 2014 through the present (the "Class Period").

26.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.   The questions of law and fact common to the Class predominate over questions which may affect individual Class members.   Common questions of law and fact include, but are not limited to, the following:

a.   Whether Defendants' conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq.*;

b.   Whether Defendants used deceptive representations in connection with the sale of the Product in violation of Civil Code section 1750, *et seq.*;

c.   Whether Defendants represented the Product has characteristics or quantities that it does not have in violation of Civil Code section 1750, *et seq.*;

d.   Whether Defendants advertised the Product with intent not to sell it as advertised in violation of Civil Code section 1750, *et seq.*;

e.   Whether Defendants' labeling and advertising of the Product is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

f.   Whether Defendants knew or by the exercise of reasonable care should have known their labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

g.   Whether Defendants' conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

h.    Whether Defendants' conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i.    Whether Defendants' conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

j.    Whether Plaintiff and the Class paid more money for the Product than they actually received; and

k.    How much money Plaintiff and the Class paid for the Product than they actually received.

27.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

28.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations and material omissions. Plaintiff purchased a unit of the Product under the false belief that the Product contained pure Vitamin E oil to the exclusion of other oils. Plaintiff relied upon Defendants' packaging and would not have purchased the Product if she had known that the Product did not comprise exclusively of Vitamin E Oil as advertised, and that the Product was comprised of soybean and coconut oils.

29.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

30.    The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system.  The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

31.    Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.  The prosecution of separate actions by individual Class members would create

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

7

the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

32. Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## COUNT ONE

### Violation of California Consumers Legal Remedies Act,

### California Civil Code Section 1750, *et seq.*

33. Plaintiff repeats and realleges all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

34. Plaintiff brings this cause of action pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in United States for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

35. In the alternative, Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

36. The Class consists of thousands of persons, the joinder of whom is impracticable.

37. There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual Class members, including but not limited to those questions listed in Paragraph 29, above.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

8

CLASS ACTION COMPLAINT

Exhibit 1
Page 16

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

38.    The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

39.    The practices described herein, specifically Defendants' packaging, advertising, and sale of the Product, were intended to result and did result in the sale of the Product to the consuming public and violated and continue to violate the CLRA by (1) using deceptive representations in connection with the Product; and (2) advertising and packaging the Product with intent not to sell them as advertised.

40.    Defendants fraudulently deceived Plaintiff and the Class by misrepresenting the Product as having characteristics which it does not have, e.g., advertising the Product in such a way to represent it as containing purely Vitamin E oil when it contains soybean and coconut oil. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

41.    Defendants fraudulently deceived Plaintiff and the Class by labeling and advertising the Product with intent not to sell as advertised. Specifically, Defendants intentionally labeled and misrepresented the Product as being purely Vitamin E oil, and deliberately omitted any mention of soybean oil and coconut oil despite that the Product consists mostly of soybean oil.  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

42.    Defendants knew or should have known, through the exercise of reasonable care, that the Product's labeling and advertising were misleading.

43.    Defendants' actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendants were wanton and malicious in their concealment of the same.

44.    Defendants' labeling and advertising of the Product was a material factor in Plaintiff's and the Class's decisions to purchase the Product. Based on Defendant's labeling and advertising of the Product, Plaintiff and the Class reasonably believed that they were purchasing a bottle that

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

contained exclusively Vitamin E oil to the exclusion of any other oils. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Product.

45.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for a bottle of oils that was different from what he was reasonably expecting to receive when she decided to make her purchase. Plaintiff would not have purchased the Product had she known the Product contained a blend of oils rather than just Vitamin E oil.

46.     Defendants' false and misleading labeling and advertising should be enjoined due to its false, misleading, and/or deceptive nature. In addition, Defendants should be compelled to provide restitution and damages to consumers who paid for a product they never received due to Defendants' misleading label and advertising.

47.     By letter dated October 30, 2017, Plaintiff advised Defendants of their false and misleading claims pursuant to California Civil Code Section 1782(a).

## COUNT TWO

### Violation of California False Advertising Law,

### Business & Professions Code Section 17500, *et seq.*

48.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

49.     Plaintiff brings this cause of action pursuant to Business and Professions Code section 17500, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in United States for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

50.     In the alternative, Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers,

1    directors, and employees, and any individual who received remuneration from Defendants in

2    connection with that individual's use or endorsement of the Product."

3        51.    California's False Advertising Law, California Business and Professions Code section

4    17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or

5    disseminated before the public in this state, in any advertising device or in any other manner or

6    means whatever, including over the Internet, any statement, concerning personal property or

7    services, professional or otherwise, or performance or disposition thereof, which is untrue or

8    misleading and which is known, or which by the exercise of reasonable care should be known, to

9    be untrue or misleading."

10       52.    Defendants knowingly disseminated misleading claims regarding the Product as a

11   means to mislead the public about the amount of said ingredient in the Product.

12       53.    Defendants controlled the labeling, packaging, production and advertising of the

13   Product. They knew or should have known, through the exercise of reasonable care that their

14   representations and omissions about the ingredients of the Product was untrue, deceptive and

15   misleading.

16       54.    The general public bases its purchasing decisions on front label claims of an oil

17   product. Consumers generally do not look at any back of the bottle label information, such as

18   ingredients lists. Instead, the general public chooses a bottle of oil because the product's front label

19   leads them to believe they are receiving a bottle of oil that in fact contains the ingredient(s) named

20   on the front label.

21       55.    Defendants' action of displaying misleading claims and omissions about the

22   ingredients of the Product in prominent type face on each Trader Joe's Vitamin E Oil's front label

23   is likely to deceive the general public.

24       56.    Defendants' actions in violation of Section 17500 were false and misleading such that

25   the general public is and was likely to be deceived.

26       57.    Pursuant to Business and Professions Code section 17535, Plaintiff and the Class seek

27   an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice

28   of falsely advertising that the Product is simply "Vitamin E Oil" and deliberately omitting that the

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

---

11

CLASS ACTION COMPLAINT

Exhibit 1
Page 19

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Product contains a blend of other oils.  Likewise, Plaintiff and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

58.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiff purchased the Product in reliance upon the claims and omissions by Defendants that the Product is simply Vitamin E oil as represented by Defendants' labeling and advertising. Plaintiff would not have purchased the Product if she had known that the claims and advertising as described herein were false and misleading.

## COUNT THREE

### Violation of California Unfair Competition Law,

### Business & Professions Code Section 17200, *et seq.*

59.    Plaintiff repeats and realleges the allegations set forth above, and incorporate the same as if set forth herein at length.

60.    Plaintiff brings this cause of action pursuant to Business and Professions Code section 17200, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in United States for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

61.    In the alternative, Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

62.    In the advertising of the Product, Defendants make false and misleading statements

12

CLASS ACTION COMPLAINT

Exhibit 1
Page 20

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1   regarding the ingredients of the Product, as alleged in the preceding paragraphs.

2   63.   Defendants' advertising claims and omissions about the Product, as alleged in the

3   preceding paragraphs, are false, deceptive, misleading and unreasonable.

4   64.   Defendants are aware that the claims (and omissions) they make about the Product are

5   false, deceptive, misleading and unreasonable.

6   65.   As alleged in the preceding paragraphs, the misrepresentations by Defendants of the

7   material facts detailed above constitutes an unfair and fraudulent business practice within the

8   meaning of California Business & Professions Code section 17200.

9   66.   In addition, Defendants' use of various forms of advertising media to advertise, call

10   attention to, or give publicity to the sale of goods or merchandise that are not as represented in any

11   manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an

12   unlawful business practice within the meaning of Business & Professions Code sections 17200 and

13   17531, which advertisements have deceived and are likely to deceive the consuming public, in

14   violation of Business & Professions Code section 17500.

15   67.   There were reasonably available alternatives to further Defendants' legitimate

16   business interests, other than the conduct described herein.

17   68.   All of the conduct alleged herein occurs and continues to occur in Defendants'

18   business.   Defendants' wrongful conduct is part of a pattern or generalized course of conduct

19   repeated on thousands of occasions daily.

20   69.   Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff and the

21   members of the Class seek an order of this Court enjoining Defendants from continuing to engage,

22   use, or employ their practice of advertising the sale and use of the Product.   Likewise, Plaintiff and

23   the members of the Class seek an order requiring Defendants to disclose such misrepresentations,

24   and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired

25   by Defendants by means of responsibility attached to Defendants' failure to disclose the existence

26   and significance of said misrepresentations in an amount to be determined at trial.

27   70.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of

28   Defendants' false representations.   Indeed, Plaintiff purchased the Product in reliance of the claims

by Defendants that the Product was capable of the representations made in Defendants' packaging and advertising.  Plaintiff would not have purchased the Product if she had known that the claims and advertising as described herein were false.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.     For an order certifying the Class, appointing Plaintiff as class representative, and designating Plaintiff's counsel as counsel for the Class;

B.     For all forms of relief set forth above;

C.     Damages against Defendants in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law on any amounts awarded;

D.     Restitution and/or disgorgement in an amount to be determined at trial;

E.     Punitive damages;

F.     An order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

G.     Reasonable attorney fees and costs; and

H.     Granting such other and further as may be just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: January 5, 2018                    **CLARKSON LAW FIRM, P.C.**

                                          /s/ Shireen M. Clarkson
                                          Ryan J. Clarkson, Esq.
                                          Shireen M. Clarkson, Esq.
                                          Bahar Sodaify, Esq.

                                          *Attorneys for Plaintiff Jessica Cesta*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

15
CLASS ACTION COMPLAINT

Exhibit 1
Page 23

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Ryan J. Clarkson (SBN 257074); Shireen M. Clarkson (SBN 237882)<br>CLARKSON LAW FIRM, P.C.<br>9255 Sunset Blvd., Suite 804<br>Los Angeles, CA 90069<br>TELEPHONE NO: (213) 788-4050   FAX NO.: (213) 788-4070<br>ATTORNEY FOR (Name): Plaintiff Jessica Cesta | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 06 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Ricardo Perez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Cesta, et al. v. Trader Joe's Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **BC689087** |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel          e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Three (3) CLRA, FAL, UCL
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 5, 2018
Shireen M. Clarkson                                                    ▶ _____
(TYPE OR PRINT NAME)                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Opt-Out: Not Defined

Exhibit 1
Page 24

| SHORT TITLE: Cesta, et al. v. Trader Joe's Company, et al. | CASE NUMBER: BC689087 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**
14:04:29 2018-01-05

Opt-Out: Not Defined

Exhibit 1
Page 25

| SHORT TITLE: Cesta, et al. v. Trader Joe's Company, et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

Exhibit 1
Page 26

| SHORT TITLE: Cesta, et al. v. Trader Joe's Company, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Exhibit 1
Page 27

| SHORT TITLE: Cesta, et al. v. Trader Joe's Company, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January 5, 2018

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit 1
Page 28

To: 12137884070          From:  (14422473714)            01/08/18 12:33 PM    Page 6 of 6

From: Sarah Longalong    Fax: (213) 788-4050             To:          Fax: (442) 247-3761          Page 20 of 25 01/05/2018 1:50 PM

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Trader Joe's Company, and Does 1 through 10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Jessica Cesta, individually, and on behalf of all others similarly situated | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 0 5 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Ricardo Perez, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse<br>111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER<br>*(Número del Caso)*<br>**BC689087** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shireen M. Clarkson (SBN 237882) 9255 Sunset Blvd., Suite 804 Los Angeles, CA 90069 (213) 788-4050

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*  JAN 0 5 2018 | SHERRI R. CARTER    Clerk, by<br>*(Secretario)*  RICARDO PEREZ | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br>3. ☒ on behalf of *(specify)*: Trader Joe's Company<br>    under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>    ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>    ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>    ☐ other *(specify)*:<br>4. ☐ by personal delivery on *(date)*: |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

14:04:29 2018-01-05

Opt-Out: Not Defined

Exhibit 1
Page 29

1  **CLARKSON LAW FIRM, P.C.**
   Ryan J. Clarkson (State Bar No. 257074)
2  rclarkson@clarksonlawfirm.com
   Shireen M. Clarkson (State Bar No. 237882)
3  sclarkson@clarksonlawfirm.com
   Bahar Sodaify (State Bar No. 289730)
4  bsodaify@clarksonlawfirm.com
   9255 Sunset Blvd., Suite 804
5  Los Angeles, CA 90069
   Telephone:  (213) 788-4059
6  Facsimile:  (213) 788-4070

7  *Attorneys for Plaintiff Jessica Cesta*

**FILED**
Superior Court of California
County of Los Angeles

JAN 05 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
            Ricardo Perez

8

9              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11  JESSICA CESTA, individually and on behalf of ) Case No.    B C 6 8 9 0 8 7
    all others similarly situated,               )
12                                               ) CLASS ACTION
                   Plaintiff,                     )
13                                               ) DECLARATION OF SHIREEN M.
           vs.                                    ) CLARKSON REGARDING VENUE
14                                               ) PURSUANT TO CALIFORNIA CODE OF
    TRADER JOE'S COMPANY, and DOES 1-10,          ) CIVIL PROCEDURE SECTION 1780(d)
15  inclusive,                                    )
                                                 )
16                 Defendants.                    )
                                                 )
17                                               )
                                                 )
18                                               )
                                                 )
19                                               )

20

21

22

23

24

25

26

27

28

DECLARATION OF SHIREEN M. CLARKSON RE CCP §1780(d)
14:04:29 2018-01-05

Opt-Out: Not Defined

Exhibit 1
Page 30

*(left margin, vertical):* CLARKSON LAW FIRM, P.C.  9255 Sunset Blvd., Suite 804  Los Angeles, CA 90069

I, Shireen M. Clarkson, do hereby declare as follows:

1.      I am a shareholder Clarkson Law Firm, P.C., counsel of record for Plaintiff, and am licensed to practice in all courts within the State of California.  I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2.      Pursuant to California Civil Code Section 1780(d), this Court is proper for trial of this action because Defendants are doing business in Los Angeles County and the transaction at issue and the subject matter of the above-captioned action occurred in Los Angeles County.

I declare and state under penalty of perjury that the foregoing is true and correct.  Executed on January 5, 2018 at Los Angeles, California.

CLARKSON LAW FIRM, P.C.

Shireen M. Clarkson, Esq.

*Attorneys for Plaintiff and the*
*Putative Plaintiff Class*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL - COMPLEX

Case Number _____ B C 6 8 9 0 8 7

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 323 | 1707 | | | | |
| Hon. William F. Highberger | 322 | 1702 | | | | |
| Hon. John Shepard Wiley, Jr. | 311 | 1408 | | | | |
| ✓ Hon. Kenneth Freeman | 310 | 1412 | | | | |
| Hon. Ann Jones | 308 | 1415 | | | | |
| Hon. Maren E. Nelson | 307 | 1402 | | | | |
| Hon. Carolyn B. Kuhl | 309 | 1409 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | Hon. Steven J. Kleifield | 324 | CCW |
| | | | | *Provisional complex (non-class action) case assignment pending complex determination | 309 | Supervising Judge CCW |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JAN 0 5 2018 _____
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____ RICARDO PEREZ _____, Deputy Clerk

LACIV 190 (Rev 12/17)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Exhibit 1
Page 32

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

> The person who files a civil lawsuit (plaintiff) must include the ADR information
> Packet with the complaint when serving the defendant. Cross-complainants must
> serve the ADR Information Packet on any new parties named to the action
> together with the cross-complaint.
>
> There are a number of ways to resolve civil disputes without having to sue
> someone. These alternatives to a lawsuit are known as alternative dispute
> resolution (ADR).
>
> In ADR, trained, impartial persons decide disputes or help parties decide disputes
> themselves. These persons are called neutrals. For example, in mediations, the
> neutral is the mediator. Neutrals normally are chosen by the disputing parties or by
> the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Exhibit 1
Page 33

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Page 3 of 4

Exhibit 1
Page 34

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

Exhibit 1
Page 35

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Exhibit 1
Page 36

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11              **STIPULATION – DISCOVERY RESOLUTION**                    Page 1 of 3
For Optional Use

Exhibit 1
Page 37

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit 1
Page 38

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐    Request for Informal Discovery Conference
   - ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit 1
Page 39

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.