**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff Jessica Cesta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA CESTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRADER JOE'S COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00895-DMG-RAO<br><br>**[CLASS ACTION]**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.*<br><br>2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE § 17500, *et. seq.*<br><br>3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE § 17200, *et. seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jessica Cesta, individually and on behalf of all others similarly situated, brings this class action complaint against Trader Joe's Company ("Defendant") and Does 1 through 10, inclusive (collectively referred to herein as "Defendants") and alleges as follows:

FIRST AMENDED COMPLAINT

**SUMMARY OF THE ACTION**

1. This is a class action lawsuit brought on behalf of all purchasers of Trader Joe's Vitamin E Oil (the "Product"), sold at retail outlets throughout California and the United States. A true and correct representation of the Product's front label is set forth below.



2. Despite the label, Trader Joe's "Vitamin E Oil" is made mostly of soybean oil – a cheaper, filler oil. Defendants intentionally mislead and shortchange consumers by falsely and deceptively misrepresenting the Product as a vitamin E oil, when in reality, the Product is a blend of oils, including primarily soybean oil, plus *some* vitamin E oil and coconut oil. The primary base of the Product – soybean oil – is highly inferior to vitamin E oil because it is cheaper, lower quality, does not have the same sought-after benefits, and is highly allergenic.

1
FIRST AMENDED COMPLAINT

## PARTIES

3. Plaintiff is, and at all times relevant hereto was, a citizen of California residing in the county of Los Angeles. Plaintiff purchased the Product at a Trader Joe's retail store in Los Angeles, California in 2015. In making her purchase, Plaintiff relied upon Defendants' labeling, marketing, and advertising claim, namely, the "Vitamin E Oil" name listed largely and front and center on the packaging, including the material omission of any other oils in the Product. Plaintiff was not aware the Product contained other oils or that it contained mostly soybean oil before purchasing the Product. In fact, it was not until after her purchase and use of the Product that Plaintiff discovered the false and misleading claim during a conversation with a friend. Plaintiff spent money to purchase a product which was different than that which she expected and Plaintiff did not receive the benefit of her bargain. Plaintiff may want to purchase the Product again but does not believe she can rely on Trader Joe's labeling of the Product in the future and therefore will not know what she is getting without undergoing investigation into the ingredients of the Product prior to any purchase, particularly if she purchases it from an online retailer as there is often no description of the ingredients.

4. Trader Joe's Company ("Trader Joe's") is a corporation headquartered in Monrovia, California. Trader Joe's maintains its principal business office at 800 South Shamrock Avenue, Monrovia, California, 91016. Trader directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Trader Joe's is the one of the owners, manufacturers, and distributors of the Product, and is one of the companies that created and/or authorized the false, misleading, and deceptive packaging for the Product.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore

sues these individuals and/or entities by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

**JURIDICTION AND VENUE**

6. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts.

7. Plaintiff has standing to bring this action pursuant to the California Consumers Legal Remedies Act, Civil Code section 1750, *et seq.*; California False Advertising Law, Business and Professions Code section 17500, *et seq.*; and California Unfair Competition Law, Business and Professions Code section 17200, *et seq.*

8. The Product Trader Joe's® Vitamin E Oil is manufactured by Defendants and is advertised as being vitamin E oil.

9. Out-of-state participants can be brought before this Court pursuant to the provisions of California Code of Civil Procedure section 395.5.

10. Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between them and California.

11. Venue is proper in this Court because Defendants conduct business in Los Angeles County, Defendants receive substantial compensation from sales in Los Angeles County, and Defendants made numerous misrepresentations which had a substantial effect in Los Angeles County, including, distribution and sale of the Product throughout Los Angeles County retail outlets, we well as distribution of print media and internet advertisements.

# FACTUAL ALLEGATIONS

12. The average consumer spends only 13 seconds to make an in-store purchasing decision.[1] Research has consistently demonstrated that consumers rarely read details beyond the final price of the product, and often, not even that.[2]

13. The Product is packaged in a cylinder-shaped bottle and prominently displays the name "Vitamin E Oil" front and center on the Product's front label. The "Vitamin E Oil" label is written in the largest font on the packaging, thereby easily catching the reasonable consumer's attention. The mention of other oils contained in the Product is starkly omitted from the front label of the packaging. There is no indication on the front label that other oils are contained in the Product or how much vitamin E oil is contained in the Product in relation to any other oils or ingredients.

14. The net impression of Defendant's labeling and advertising, including the material omissions, is that the Product is made exclusively, or at a minimum primarily, of vitamin E oil and can provide all the benefits of a pure vitamin E oil. In actuality and unbeknownst to consumers, the Product is comprised mostly of soybean oil, used as a filler oil, and coconut oil. Defendants intentionally take advantage of the image associated with vitamin E oil yet include just a small percentage of it in the Product.

15. Plaintiff is informed, believes, and thereon alleges that Defendant has maintained this labeling and advertising of the Product over the entire course of the proposed four-year class period.

---

[1] http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-your-brands-20-second-windown.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online").

[2] Dickson, P. & Sawyer, G., *Point of Purchase Behavior and price Perceptions of Supermarket Shoppers*, Marketing Science Institute Report No. 86-102, Cambridge, MA: Marketing Science Institute (1986); see also, Dickson, P. & Sawyer, A. *The Price Knowledge and Search of Supermarket Shoppers*, Journal of Marketing Vol. 54, No. 3 (July 1990), pp. 42-53.

16. "Vitamin E" is the collective name for a group of fat-soluble compounds with distinctive antioxidant activities. U.S. DEP'T OF HEALTH AND HUMAN SERVICES, THE NAT'L INSTITUTES OF HEALTH OFFICE OF DIETARY SUPPLEMENTS, *Vitamin E*, https://ods.od.nih.gov/factsheets/VitaminE-HealthProfessional/#en1 (Nov. 3, 2016) (citing Maurice E. Shils et al., MODERN NUTRITION IN HEALTH AND DISEASE 396-411 (10th ed. 2006)). Vitamin E, also known as "D-Alpha-Tocopherol," is the most important lipid soluble antioxidant. *See* Lester Packer et al., Molecular Mechanisms of Protective Effects of Vitamin E in Atherosclerosis, THE JOURNAL OF NUTRITION (April 16, 2000) http://jn.nutrition.org/content/131/2/369S.full.pdf. The National Institutes of Health Office of Dietary Supplements explains that Vitamin E is an antioxidant that helps protect cells from damage caused by free radicals, a reactive oxygen species formed when the body converts food to energy. *Supra* U.S. DEP'T OF HEALTH AND HUMAN SERVICES. Additionally, damaged cells caused by radicals may contribute to cardiovascular disease and cancer. *Supra* U.S. DEP'T OF HEALTH AND HUMAN SERVICES (citing Hans Verhagen et al., *The State of Antioxidant Affairs*, NUTRITION TODAY, November/December 2006, Vol. 41, Issue 6 at 244-50). People can be exposed to free radicals from environmental exposures such as pollution and ultraviolent radiation. *Supra* U.S. DEP'T OF HEALTH AND HUMAN SERVICES. Moreover, Vitamin E oil blocks the free radicals from the human body which also play a major role in the aging process. As a result, Vitamin E is found in many skincare products such as creams, lotions, sunscreens, anti-aging moisturizers and skin brighteners. Vitamin E oil is a powerful fat-soluble antioxidant that can rejuvenate human skin and overall health.

17. On the other hand, the main oil in the Product, soybean oil, is low-quality oil, highly allergenic and overall unhealthy. Soybean oil is extracted from soybean seeds using harsh chemicals, such as hexane. NATIONAL CENTER FOR BIOTECHNOLOGY INFORMATION, PUBCHEM COMPOUND DATABASE, https://pubchem.ncbi.nlm.nih.gov/compound/8058. Because of the unsafe chemical

process by which soybean oil is extracted from soybeans and its lower quality nature, soybean oil is not nearly as healthy as Vitamin E oil. Additionally, soybeans are well recognized as an allergenic food. FOOD ALLERGY RESEARCH & RESOURCE PROGRAM UNIVERSITY OF NEBRASKA, *Allergenicity of Soybean Lecithin* (April 12, 2017), https://farrp.unl.edu/documents/members/expert-opinions/2017_0412_Expert%20Soy%20Lecithin.pdf.

18. Plaintiff and other similarly situated consumers of the Product made their purchasing decisions in reliance upon Defendants' advertised claims that that Product was made either exclusively or at a minimum primarily from vitamin E oil.

19. Plaintiff purchased Trader Joe's® Vitamin E Oil from a Trader Joe's retail store at 8645 South Sepulveda, Westchester, California 90045 in or around October 2015. Plaintiff paid approximately $7.00 for the Product.

20. Plaintiff and other similarly situated consumers of the Product reasonably and detrimentally relied upon the Product's front label indicating that the Product was "Vitamin E Oil" and the material omission that the Product contains other oils – primarily, soybean oil.

21. Plaintiff and other similarly situated consumers of the Product would not have purchased the Product had they known the Product contained other oils or that the Product contained mostly soybean oil.

22. Similarly situated consumers of the Product are dissatisfied upon learning – after purchasing the Product and relying on the "Vitamin E Oil" label and advertising – that the Product contains other oils and that it contains primarily soybean oil, as set forth in hundreds of online consumer complaints. A sample of complaints include the following:

    a. "By Jeffrey Hill on July 15, 2017: Fake Vitamin E Oil"

    b. "By Teri G on June 21, 2017: Really disappointed that this isn't pure Vitamin E Oil. In fact, the main ingredient is soybean oil. The SECOND ingredient is vitamin E oil. **Very misleading."**

c. "By Akua on May 11, 2017: The ingredients begin with soy bean oil! The Vitamin E and then coconut oil!!!! A RIP OFF!!!!!"

d. "By magda on April 14, 2017: has more soybean than vitamin e....**very deceptive labeling.** my bad for not reading the fine print"

e. "By Amazon Customer on March 26, 2017: The top ingredient is soybean oil which I object to, then vitamin E oil, then coconut oil. **I was expecting pure vitamin E**."

f. "By deb on January 27, 2017: **Is this a joke? This says it is vitamin E oil. The package says it too. Nowhere does this say it is an oil blend.** Until you get the product and read the ingredients. The main ingredient is SOYBEAN OIL !! So mathematically speaking, less than half of the blend contains vitamin E oil. How much less, we'll never know. I will never, never order anything from Trader Joe's again, because now they've lost my trust. I didn't do my homework this time and read reviews. Won't happen again!"

g. "By Blueberry Muffin on December 7, 2017: I went to a local store that sold oils and butters so I could get some Vitamin E to add to my homemade hot oil treatment. I refused to pay such a high price for such a little bottle. So I went to Trader Joe's and found a small, reasonably priced (cheap) bottle of Vitamin E oil. Silly me. When I got home that's when I decided to finally read the ingredients. The first ingredient wasn't Vitamin E- it was SOYBEAN OIL. I paid for a bottle of soybean oil that has been sitting in my closet untouched for two months now. Time to throw it away!"

h. "By me who on August 1, 2017: disappointed this product has more soybean oil than vitamin E oil."

i. "By Amazon Customer on November 26, 2016: I was very disappointed that this product had soybean oil which I am allergic to. **Nowhere in the description did it say so**. It will have to be returned."

j. "By Amazon Customer on September 5, 2016: The first ingredient of this product is soybean oil, yet the front of the bottle says it's vitamin E oil. I should have paid closer attention before ordering this product because I don't buy items that contain soy bean oil, unless they are non-GMO project verified and organic. **This item should actually be marketed as soybean oil with vitamin E oil. Misleading,** will not purchase again."

k. "By Morgan1244 on March 21, 2016: I'm so disappointed with this purchase. It cost me 3x shelf price and the price of shipping is the same as the item, so I'm stuck with soybean oil and chemicals instead of actual pure vitamin e. Waste of $10."

l. "By Joi on February 27, 2016: I'm so pissed at myself for trusting Trader Joe's and not reading the reviews. The first ingredient is soybean oil, then vitamin e, then coconut oil. I'm so mad right now. Ugh!"

m. "By KKogs on January 8, 2016: This isn't just made with other ingredients, it's almost all soybean oil. So.... the stuff you get a gallon of for $1.50 at Walmart. **I have no idea how they are allowed to even label this Vitamin E oil.**"

n. "By Mystery on Septebmer 22, 2015: I was so pissed at this oil. **I trusted the title of it "Vitamin E Oil". However it is mostly soybean oil.** I suppose it is my own fault for not checking the ingredients, but I still **consider this deceptive and false advertising.**"

o. "By K. Panke on January 6, 2015: **I thought this was going to be pure Vitamin E Oil** but there are other ingredients so I can't use it how I had planned."

p. "By Alcidor on October 28, 2014: Its an oil blend. Not what I wanted."

q. "By Allie on May 4, 2014: I was so very disappointed when I got this product. **Even though I looked and looked for the ingredients before purchasing I wasn't able to find it**. However, because of the Trader Joe's trusted name I purchased the Vitamin E oil believing it would be a product that I would be happy with. Upon receiving the product I read the ingredients and to my surprise the first ingredient is Soybean Oil and the product itself is made with synthetic Vitamin E oil. Shame on you TJ's for such a **misleading product**. It would have made a world of a difference had someone took the time to post the ingredients with the product for the consumer. Or even better, **change the name of the product to: Trader Joe's – SOYBEAN OIL** with Synthetic Vitamin E!!! I'm not putting this crap on my skin…it's going back! However, I still love TJ's; just hate this product... :)"

r. "By mhillgoth on January 16, 2014: **I was so disappointed after I bought this stuff and saw it's full of filler oils**....one of which is soybean oil."

23. Defendants' conduct threatens California consumers by using intentionally deceptive and misleading labels. Defendants' conduct also threatens other companies, large and small, who "play by the rules." Defendants' conduct stifles competition and has a negative impact on the marketplace and reduces consumer choice.

24. There is no practical reason for the false or misleading labeling and advertising of the Product, other than to mislead consumers as to the actual ingredients of the Product being purchased by consumers while simultaneously providing Defendants with a financial windfall as a result of money saved from lower supply costs.

9
FIRST AMENDED COMPLAINT

25. Plaintiff makes the allegations herein upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

27. The Class is so numerous that their individual joinder herein is impracticable. On information and belief, the Class numbers in the hundreds of thousands or more throughout California. The Class is sufficiently numerous because hundreds of thousands of units of the Product have been sold in California during the time period January 5, 2014 through the present (the "Class Period").

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendants' conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq.*;

    b. Whether Defendants used deceptive representations in connection with the sale of the Product in violation of Civil Code section 1750, *et seq.*;

    c. Whether Defendants represented the Product has characteristics or quantities that it does not have in violation of Civil Code section 1750, *et seq.*;

      d.     Whether Defendants advertised the Product with intent not to sell it as advertised in violation of Civil Code section 1750, *et seq.*;

      e.     Whether Defendants' labeling and advertising of the Product is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

      f.     Whether Defendants knew or by the exercise of reasonable care should have known their labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

      g.     Whether Defendants' conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

      h.     Whether Defendants' conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

      i.     Whether Defendants' conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

      j.     Whether Plaintiff and the Class paid more money for the Product than they actually received; and

      k.     How much money Plaintiff and the Class paid for the Product than they actually received.

29. Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

30. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations and material omissions. Plaintiff and the Class purchased the Product under the false belief that the Product contained primarily, if not exclusively, vitamin E oil. Plaintiff and the Class relied upon Defendant's packaging and would not have purchased the Product if they had known

that the Product was not comprised primarily, if not exclusively, of vitamin E Oil as advertised, and that the Product was comprised of soybean and coconut oils.

31. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

32. The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

33. Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

34. Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## COUNT ONE

**Violation of California Consumers Legal Remedies Act,**

**California Civil Code Section 1750, *et seq.***

35. Plaintiff repeats and realleges all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

36. Plaintiff brings this cause of action pursuant to Civil Code section 1750, *et seq*., the Consumers Legal Remedies Act ("CLRA"), on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

37. The Class consists of thousands of persons, the joinder of whom is impracticable.

38. There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual Class members, including but not limited to those questions listed in Paragraph 29, above.

39. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

40. The practices described herein, specifically Defendants' packaging, advertising, and sale of the Product, were intended to result and did result in the sale of the Product to the consuming public and violated and continue to violate the CLRA by (1) using deceptive representations in connection with the Product; and (2) advertising and packaging the Product with intent not to sell them as advertised.

41. Defendants fraudulently deceived Plaintiff and the Class by misrepresenting the Product as having characteristics which it does not have, e.g., advertising the Product in such a way to represent it as containing primarily, if not exclusively, vitamin E oil when it contains primarily soybean and coconut oils. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights

FIRST AMENDED COMPLAINT

1 and money.

2 42. Defendants fraudulently deceived Plaintiff and the Class by labeling and advertising the Product with intent not to sell as advertised. Specifically, Defendants intentionally labeled and misrepresented the Product as being primarily, if not exclusively, vitamin E oil, and deliberately omitted any mention of soybean oil and coconut oil despite that the Product consists mostly of soybean oil. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

43. Defendants knew or should have known, through the exercise of reasonable care, that the Product's labeling and advertising were misleading.

44. Defendants' actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendants were wanton and malicious in their concealment of the same.

45. Defendants' labeling and advertising of the Product was a material factor in Plaintiff's and the Class's decisions to purchase the Product. Based on Defendant's labeling and advertising of the Product, Plaintiff and the Class reasonably believed that they were purchasing a bottle that contained primarily, if not exclusively, vitamin E oil. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Product.

46. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for a bottle of oils that was different from what she was reasonably expecting to receive when she decided to make her purchase. Plaintiff would not have purchased the Product had she known the Product contained a blend of oils rather than just vitamin E oil.

47. Defendants' false and misleading labeling and advertising should be

enjoined due to its false, misleading, and/or deceptive nature. In addition, Defendants should be compelled to provide restitution and damages to consumers who paid for a product they never received due to Defendants' misleading label and advertising.

48. By letter dated October 30, 2017, Plaintiff advised Defendants of their false and misleading claims pursuant to California Civil Code Section 1782(a).

## COUNT TWO

## Violation of California False Advertising Law,

## Business & Professions Code Section 17500, *et seq.*

49. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

50. Plaintiff brings this cause of action pursuant to Business and Professions Code section 17500, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

51. California's False Advertising Law, California Business and Professions Code section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

52. Defendants knowingly disseminated misleading claims regarding the Product as a means to mislead the public about the amount of Vitamin E oil in the

1 Product.

2 53. Defendants controlled the labeling, packaging, production and advertising of the Product. They knew or should have known, through the exercise of reasonable care that their representations and omissions about the ingredients of the Product was untrue, deceptive and misleading.

54. The general public bases its purchasing decisions on front label claims of an oil product. Consumers generally do not look at any back of the bottle label information, such as ingredients lists. Instead, the general public chooses a bottle of oil because the product's front label leads them to believe they are receiving a bottle of oil that in fact contains the ingredient(s) named on the front label.

55. Defendants' action of including misleading claims and material omissions about the ingredients of the Product on each Trader Joe's Vitamin E Oil's front label is likely to deceive the general public.

56. Defendants' actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

57. Pursuant to Business and Professions Code section 17535, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of falsely advertising that the Product is simply "Vitamin E Oil" and deliberately omitting that the Product contains a blend of other oils. Likewise, Plaintiff and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

58. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiff and the Class purchased the Product in reliance upon the claims and omissions by Defendants that the Product is simply vitamin E oil as represented by Defendants' labeling and advertising. Plaintiff

and the Class would not have purchased the Product if they had known that the claims and advertising as described herein were false and misleading.

## COUNT THREE

### Violation of California Unfair Competition Law,

### Business & Professions Code Section 17200, *et seq.*

59. Plaintiff repeats and realleges the allegations set forth above, and incorporate the same as if set forth herein at length.

60. Plaintiff brings this cause of action pursuant to Business and Professions Code section 17200, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period January 5, 2014 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

61. In the advertising of the Product, Defendants make false and misleading statements and material omissions regarding the ingredients of the Product, as alleged in the preceding paragraphs.

62. Defendants' advertising claims and material omissions about the Product, as alleged in the preceding paragraphs, are false, deceptive, misleading and unreasonable.

63. Defendants are aware that the claims and omissions they make about the Product are false, deceptive, misleading and unreasonable.

64. As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code section 17200.

///

65. In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17500.

66. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

67. All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

68. Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Product. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

69. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Indeed, Plaintiff and the Class purchased the Product in reliance of the claims by Defendants that the Product was capable of the representations made in Defendants' packaging and advertising. Plaintiff and the Class would not have purchased the Product if they had known that the claims and advertising as described herein were false.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.  For an order certifying the Class, appointing Plaintiff as class representative, and designating Plaintiff's counsel as counsel for the Class;

B.  For all forms of relief set forth above;

C.  Damages against Defendants in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law on any amounts awarded;

D.  Restitution and/or disgorgement in an amount to be determined at trial;

E.  Punitive damages;

F.  An order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

G.  Reasonable attorney fees and costs; and

H.  Granting such other and further as may be just and proper.

# JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: March 13, 2018          **CLARKSON LAW FIRM, P.C.**

　　　　　　　　　　　　　　　　 /s/ Shireen M. Clarkson_____
　　　　　　　　　　　　　　　　Ryan J. Clarkson, Esq.
　　　　　　　　　　　　　　　　Shireen M. Clarkson, Esq.
　　　　　　　　　　　　　　　　Bahar Sodaify, Esq.

　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Jessica Cesta*